494 S.E.2d 925

**In the Matter of ELIZABETH A.D., Infant, Respondent Below, Appellant,**

v.

**Frederick HAMMACK, Petitioner Below, Appellee,**

and

**Brenda K.J. and James D., Adults, Respondents Below, Appellees.**

**No. 24156.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1997.

Decided Oct. 3, 1997.

Loren B. Howley, Howley & Venezia, Grantsville, for Appellant.

Tony M. Morgan, Prosecuting Attorney, Grantsville, for F. Hammack.

Mark G. Sergent, Spencer, for Brenda K.J.

F. John Oshoway, Grantsville, for James D.

PER CURIAM: [1]

This appeal was brought by the guardian ad litem for the appellant, Elizabeth A.D., from a final order of the Circuit Court of Calhoun County. The circuit court found Elizabeth A.D. was an abused child and terminated the parental rights of the child's mother, appellee Brenda K.J. In this appeal the guardian ad litem contends that it was error for the circuit court to deny post-termination visitation between the child and her mother.[2] We agree.

### I.

On September 18, 1996, a petition was filed against Brenda K.J. charging her with abusing and neglecting her child, by failing to prevent numerous sexual assaults on the child.[3] At the time of the petition the child was thirteen years old. The record indicates the child was sexually assaulted more than five times, starting at the age of six and continuing through the age of twelve. On January 9, 1997, a dispositional hearing was held. At the conclusion of the hearing the circuit court found that the child was abused and neglected. At a dispositional hearing held on January 24, 1997, the circuit court terminated the parental rights of the mother.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

2. The guardian ad litem also argued that it was error to terminate parental rights. We find no error in the circuit court's decision to terminate the mother's parental rights.

3. The father of the child was named in the petition, however, his whereabouts were unknown and he was not represented. The record indi-

A post-dispositional hearing was held on May 2, 1997, wherein the guardian ad litem requested some form of post-termination visitation between the child and Brenda K.J. The circuit court denied the request. On appeal the guardian ad litem contends that it was error for the circuit court to deny post-termination visitation. We agree.

## II.

This Court pointed out in syllabus point 1 of *State ex rel. Diva P. v. Kaufman*, 200 W.Va. 555, 490 S.E.2d 642 (1997) that the ruling of a circuit court, in a civil abuse and neglect proceeding, will not be set aside unless clearly erroneous. The facts in this case leave little doubt that the circuit court committed error in denying supervised post-termination visitation. The record reveals a close emotional bond between Elizabeth A.D. and Brenda K.J. *See* Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995); Syl. Pt. 8, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). We, therefore, reverse the denial of supervised post-termination visitation and remand for a hearing to determine the appropriate visitation plan.

Reversed and Remanded.

cates that the child's father "disappeared" when she was six years old.